UNITED STATES BANKRUPTCY COURT    HEARING DATE: OCTOBER 19, 2010
SOUTHERN DISTRICT OF NEW YORK    HEARING TIME: 10:00 A.M.
---------------------------------- X
                                         :     Case No. 03-10016 (SCC)
In re:                                :
                                         :         (Chapter 7)
Mark Taylor,                        :
                                         :
                     Debtor.       :
---------------------------------- X

**AMENDED STATEMENT OF THE UNITED STATES TRUSTEE TO THE FINAL
APPLICATIONS FOR ALLOWANCE OF COMPENSATION FOR SERVICES
<u>RENDERED AND REIMBURSEMENT OF EXPENSES</u>**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

       Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee") has reviewed the final fee applications set forth in the chart below and respectfully submits this objection to the final fee applications of Susan M. Karten & Associates, LLP and Carl A. Zetterstrom:

| Applicant | Fee/Comm. | Expenses | Period | Hours |
|---|---|---|---|---|
| The Law Offices of Michael O'Neill Special Counsel for Chapter 7 Trustee | $313,333.33[1] | $38,382.97 | 1-1-03 – 8/27/10 | 450 |
| Susan M. Karten & Associates, LLP Special Counsel to the Debtor | $ 59,930.00[2] | N/A | | 157.8 |

      1. The Applicant has reduced its fees from $333,333.33 to $313,333.33.

      2. The Applicant has reduced its fees from $69,930.00 to $59,930.00.

| Carl A. Zetterstrom, Special Counsel to the Debtor | $24,970.00[3] | N/A | 7/1/09 - 9/1/10 | 97 |

## Background

1. On January 3, 2003, Mark A. Taylor (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. On January 3, 2003, Kenneth P. Silverman (the "Trustee") was appointed as permanent Chapter 7 trustee.

3. By order of the Court dated November 6, 2003, the Trustee was authorized to retain The Law Office of Michael O'Neill as special counsel to the Trustee to continue a state court litigation entitled <u>Mark A. Taylor v. New York University Medical Center and Peter L. Ferrara</u>, under Index No. 570594/06 (the "State Court Action"). <u>See</u> ECF Doc No. 9.

4. Upon information and belief, the State Court Action arose out of the termination of the Debtor's employment by the defendant New York University Medical Center sometime in September 1997. <u>See</u> ECF Doc. No. 38 at ¶3.

5. There was a significant procedural history to the lawsuit which ultimately led to a jury trial in early 2005. <u>See</u> ECF Doc. No. 38 at ¶6 and ECF Doc. No. 30 at ¶5. The jury returned a verdict awarding approximately $2 million as compensatory damages to the

---

3. The Applicant has reduced its fees from $29,970.00 to $24,970.00

2

Debtor; however, the defendants appealed and, in or about 2008, obtained a decision from the Appellate Term, First Department, setting aside and vacating the jury's award. See ECF Doc. No. 38 at ¶7.

6. On or about July 13, 2010, the Court approved a settlement pursuant to Bankruptcy Rule 9019 resolving the Debtor's claims asserted in the State Court Action (the "Settlement"). See ECF Doc. No. 34. According to the Trustee, the Settlement "will provide the Debtor's estate with funds sufficient to satisfy all claims in full, plus interest, and return substantial surplus to the Debtor." See ECF Doc. No. 30 at ¶8.

7. Aside from the Trustee's employment of The Law Office of Michael O'Neill, it is the understanding of the United States Trustee that Susan M. Karten & Associates, LLP and Carl A. Zetterstrom were employed by the Debtor as special counsel to help with the appellate process of the State Court Litigation. Their retention, however, was never sought nor approved by the Court.

**LAW OFFICES OF MICHAEL O'NEILL**
**SPECIAL COUNSEL TO THE TRUSTEE**

8. The applicant seeks compensation for fees and expenses totaling $351,716.30, which includes a $20,000 reduction in fees sought. The fees were calculated at a one-third (1/3) contingency fee of monies collected in the amount of [redacted] received from the settlement of the Action.

9. The United States Trustee has no objection to the award of commissions and expenses in the amounts requested by Special Counsel.

**SUSAN M. KARTAN & ASSOCIATES, LLP AND CARL A. ZETTERSTROM**
<u>SPECIAL COUNSEL TO THE DEBTOR</u>

10. Susan M. Kartran & Associates, LLP seeks compensation in the reduced amount of $59,930 pursuant to a retainer calculated at [redacted] of the [redacted] received from the settlement of the Action.

11. Carl A. Zetterstrom seeks compensation in the reduced amount of $24,970 consisting of $6,000.00 flat fee pursuant to a retainer agreement in addition to [redacted] of any sums received from the settlement of the Action.

12. While the amounts sought by the Firms appear reasonable under the circumstances, the United States Trustee objects to their payment on the basis that the Firms were never retained in the bankruptcy case. As the Bankruptcy Code expressly provides and as case law has held, "the bankruptcy court cannot award interim or final compensation to an attorney for the estate unless the court has already authorized the attorney's retention under section 327." See <u>In re Moon</u>, 385 B.R 541, 549-550 (Bankr. S.D.N.Y. 2008) (holding that payment of contingency fee to attorney who had represented Chapter 7 debtor in negotiating post-petition settlement of her pre-petition personal injury claim was in nature of unauthorized post-petition transfer of property of the estate,

4

where attorney never obtained bankruptcy court's approval for his employment as special counsel to negotiate settlement on behalf of the estate); see also Lamie v. United States Trustee, 540 U.S. 526, 538 (2004) ("Adhering to conventional doctrines of statutory interpretation, we hold that section 330 (a) (1) does not authorize compensation awards to ... attorneys from estate funds, unless they are employed as authorized by section 327. If the attorney is to be paid from estate funds under section 330 (a) (1) in a Chapter 7 case, he must be employed by the trustee and approved by the court."); In re Parklex Assocs, 2010 WL 3435438, *8-9 (Bankr. S.D.N.Y. Sept. 2, 2010) (holding that the Bankruptcy Code requires an attorney's retention and fee application to be approved prior to awarding any fees).

13. After discussions with the Trustee's counsel, it is the United States Trustee's understanding that the Firms' retention applications will be adjourned so the Firms may file retention applications.

Dated: New York, New York
October 18, 2010

>     Respectfully submitted,
>     TRACY HOPE DAVIS
>     UNITED STATES TRUSTEE
>
> By: /s/ Elisabetta G. Gasparini
>     Elisabetta G. Gasparini
>     Trial Attorney
>     33 Whitehall Street
>     21st Floor
>     New York, New York  10004-1408
>     Tel. No. (212) 510-0500

5